JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00280-DOC-DFMxDate: March 29, 2024

Title: ANGELES FERNANDEZ V. TRANSAMERICA LIFE INSURANCE COMPANY

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     **ORDER SUA SPONTE REMANDING CASE TO STATE COURT**

The Court, on its own motion, **REMANDS** this case to Orange County Superior Court.

## I. Background

Approximately 20 years ago, Transamerica issued a life insurance policy on the life of Anthony Fernandez ("Decedent"). First Amended Complaint ("FAC") (Dkt. 1 Ex. A) ¶ 10. Plaintiff was the beneficiary under the policy. *Id.* Decedent made premium payments until August 2022, when he received a notice from Defendant stating that "[y]our premium payment has been received; however, after applying this payment, the value of your policy was not sufficient to cover the monthly deduction charge that was due . . . If that amount is not received in our office by the lapse date, your policy will lapse and terminate." *Id.* ¶ 12. Plaintiff alleges that Defendant failed to give adequate notice that any premium was due prior to receiving the above notice in August 2022. *Id.* Defendant did not send further notice and terminated the policy in September 2022. *Id.* ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00280-DOC-DFMx                                               Date: March 29, 2024

                                                                                                                                       Page 2

In March 2023, Plaintiff requested that Defendant reinstate the insurance policy, but Defendant refused to do so "based on medical history". *Id.* ¶ 16. Decedent passed away in June 2023. *Id.* ¶ 17. Following Decedent's passing, Defendant did not pay any benefits under the policy. *Id.* ¶ 19.

Plaintiff then brought this case. Plaintiff alleges that because Defendant failed to notify Decedent of his right to designate other persons to receive notice of missed or late premium payments or notify him regarding the lapse of the policy, the resulting policy lapse was ineffective. *Id.* ¶ 14–18. Thus, Plaintiff alleges, the policy issued to Decedent remained in force through the date of his death. *Id.* Plaintiff further alleges that Defendant's refusal to reinstate the policy or pay any claim under the policy breached the terms of the policy and the obligations on those terms imposed by California law. *Id.* ¶ 18. Accordingly, Plaintiff's Complaint states causes of action for negligence, as well breach of contract and the implied covenant of good faith and fair dealing. *Id.* ¶¶ 21–39.

Plaintiff filed this action in Orange County Superior Court on November 15, 2023, and filed the First Amended Complaint on December 12, 2023. Defendant removed the case to this Court on February 9, 2024, asserting that this Court has diversity jurisdiction. The Court disagrees.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00280-DOC-DFMx          Date: March 29, 2024

Page 3

state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

When analyzing whether the complete diversity requirement is satisfied courts disregard the citizenship of "sham defendants". *Nasrawi v. Buck Consultants, LLC*, 776 F.Supp.2d 1166, 1169 (E.D. Cal. 2011) ("[R]emoval is proper despite the presence of a non-diverse defendant if that defendant is a 'fraudulently joined' or 'sham' defendant."). In the Ninth Circuit, a non-diverse defendant is deemed a "sham defendant" if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not recover against that defendant. *Padilla v. A T & T Corp.*, 697 F.Supp.2d 1156, 1158 (C.D. Cal. 2009) (*citing Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "The expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly 'sham' defendants." *Knutson v. Allis-Chalmers Corp.*, 358 F.Supp.2d 983, 995 (D. Nev. 2005) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). The defendant seeking removal to federal court has the burden of showing that a defendant was fraudulently joined and is entitled to present facts showing that the joinder is fraudulent. *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998). All disputed questions of fact, however, are resolved in favor of the plaintiff. *Id.* Additionally, a finding of fraudulent joinder compels dismissal of the sham defendants. *Isaacs v. Broido*, 358 Fed.Appx. 874, 876 (9th Cir. 2009).

### III.  Discussion

In the case at hand, Plaintiff Fernandez is a resident of California. Defendant John S. Woo ("Woo"), an agent of Transamerica, is also a resident of California. Ordinarily, then, the requirements of complete diversity of citizenship are not met. Defendant, however, argues that there is in fact complete diversity. Defendant argues that because Woo is a fraudulently joined defendant, his citizenship should be disregarded. *See generally* Opp'n. Because complete diversity of citizenship may not exist in the matter at hand, subject matter jurisdiction in this case turns on whether Plaintiff can state a claim against Woo. *Knutson*, 358 F.Supp.2d at 995.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00280-DOC-DFMx            Date: March 29, 2024

Page 4

Generally, in California an agent, when acting in the name of a disclosed principal, is not personally liable for negligence committed within the scope of his or her employment. *Lippert v. Bailey*, 241 Cal.App.2d 376, 382 (Cal. Ct. App. 1966). However, California courts have recognized two separate exceptions to the *Lippert* rule: the dual agency exception and the special duty exception. *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1120 (N.D. Cal. 2002). Because Defendant is a disclosed principal, and the FAC alleges that Woo was acting within the course and scope of his agency, under the *Lippert* rule Woo cannot be held liable for negligence unless either the dual agent exception or the special duty exception apply. FAC ¶¶ 8, 37–38.

### A. Whether Woo was a dual agent

Dual agency requires that the insurance agent act on the insured's behalf in some way beyond the agent's capacity as an agent for the insurer. *Good*, 5 F.Supp.2d at 808. "An insurance agent cannot be a 'dual agent' unless he or she is either an independent broker or has a long-term, special relationship with the insured." *Id.* (citing *Maloney v. Rhode Island Ins. Co.*, 115 Cal.App.2d 238 (Cal. Ct. App. 1953)).

The factors considered when evaluating the long-term, special relationship of a potential dual agent include:

1) misrepresentation by the agent of the nature, extent, or scope of the coverage being offered or provided;

2) whether there is a request or inquiry by the insured for a particular type or extent of coverage; or

3) whether the agent assumed an additional duty by either express agreement or by holding themselves out as having expertise in a given field of insurance being sought by the insured.

*Fitzpatrick v. Hayes*, 57 Cal.App.4th 916, 926 (Cal. Ct. App. 1997).

In her Motion and in the FAC Plaintiff argues that Woo was both a dual agent and that Woo owed Plaintiff and Decedent a special duty. Plaintiff argues that Woo's alleged failures to assist Plaintiff and Decedent in making the premium payments and ensuring there was sufficient money in place to make the payments constitute omissions that

render Woo liable for negligence. Mot. at 6, 11; FAC ¶ 6, 37. Plaintiff alleges that Woo was the individual who communicated with her and Decedent, and that Woo assumed a duty to assist in servicing and maintaining the policy at issue in this case. FAC ¶ 37.

In response, Defendant argues that while Woo is named as a dual agent in the FAC, Plaintiff has offered little support for the allegation. FAC ¶¶ 2, 6; Opp'n at 6–7, 9–10. For Woo to be a dual agent, he must be either an independent broker or have a long-term, special relationship with the insured. *Good*, 5 F.Supp.2d at 808. In the FAC, Plaintiff asserts that Woo was acting within the scope of his agency with Defendant. FAC ¶ 8. Further, Woo states in his declaration that he has been affiliated with Defendant for over 20 years, and that he was not the producer or agent who sold the policy at issue to Decedent. Declaration of John S. Woo ("Woo Dec.") (Dkt. 11-1) ¶¶ 1, 2. Thus, Woo is likely not an independent broker, as he is affiliated with Defendant. Woo further states that he had no contact with Plaintiff or Decedent until Plaintiff contacted his office regarding the policy lapse. *Id.* ¶ 3. Woo claims the only services his office provided to Plaintiff were providing Plaintiff with a reinstatement request form, submitting that form to Defendant, and inquiring about the status of the reinstatement. *Id.* ¶¶ 3–5. It seems difficult to conclude, then, that there is a long-term, special relationship between Plaintiff, Decedent, and Woo, such that Woo took on the role of a dual agent by his actions.

### B.     Whether Woo owed a special duty

As it is thus highly unlikely that Woo was a dual agent, the question becomes whether Woo owed Plaintiff and Decedent a special duty. The special duty exception holds that when an agent answers an inquiry by the insured or otherwise makes an affirmative representation, the agent has a duty to reasonably inform the insured of the insured's rights and obligations under the insurance policy. *Carter v. Nationwide Ins.*, 2012 WL 4473084, at *5 (C.D. Cal. September 25, 2012). The factors considered when evaluating the special duty exception are essentially the same as the factors used for evaluating the existence of a special relationship under dual agency. *See Fitzpatrick*, 57 Cal.App.4th at 926.

Plaintiff argues that Woo communicated with Decedent and Plaintiff and assumed a duty to assist in servicing and maintaining the insurance policy at issue. Mot. at 11. Plaintiff alleges that Woo's failure to assist Decedent and Plaintiff constitute an omission by Woo, which is equivalent to providing incorrect information and thus actionable as negligence. *Id.*; *see also Paper Savers, Inc. v. Nacsa*, 51 Cal.App.4th 1090, 1100 (Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00280-DOC-DFMx            Date: March 29, 2024

Page 6

Ct. App. 1996) (discussing the omission of an agent being equivalent to providing incorrect information). Further, Woo admits that he was the agent servicing Decedent's policy, which he took over after the predecessor agent who sold the policy to Decedent left. Woo Dec. ¶ 2. In his declaration, Woo does not contest whether the prior agent was a dual agent that assisted Decedent with the handling of the policies. *See generally id.*

Woo, however, did not take any action regarding securing or obtaining the policy, as Woo was not an agent of Defendant until after the policy issued. Woo Dec. ¶¶ 1–2. Further, it seems unlikely that Woo could undertake any duties relating to the lapse of Decedent's policy. Woo states he does not recall ever personally communicating with Plaintiff or Decedent at any time. *Id.* ¶¶ 3–5. Woo's office only communicated with Plaintiff after the policy had already lapsed. *Id.* Woo claims he thus had no contact or relationship with Plaintiff or Decedent prior to the policy's lapse. *Id.* ¶ 5. Woo's office also did not fail to assist Plaintiff in seeking reinstatement, which was allegedly the only interaction Woo's office had with Plaintiff. *Id.* ¶ 4. Given Woo's declaration, it seems unlikely that Woo ever held himself out to Plaintiff or Decedent as their agent or did anything else to assume a special duty to Plaintiff or Decedent. Importantly, though, in his declaration Woo does not outright deny that he spoke to Decedent regarding the premium payments. He simply states he has no recollection of doing so. *Id.* ¶ 5. The fact of Woo's special relationship or duty to Decedent, then, is contested, as Plaintiff claims Woo did discuss those payments with Decedent.

Accordingly, because all disputed questions of fact are resolved in favor of the plaintiff, it is possible that Plaintiff in this matter could carry a claim against Woo. *Good*, 5 F.Supp.2d at 807. While the *Lippert* rule may apply, because the nature of Woo's dual agency and special duty is contested Plaintiff may be able to assert her claim. Though it may be unlikely that Woo is either a dual agent for Plaintiff or that Woo had a special duty regarding Plaintiff or Decedent, the specter of such a possibility is raised. "The expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly 'sham' defendants." *Knutson*, 358 F.Supp.2d at 995. Thus, because there is at least the possibility that Plaintiff can successfully assert a claim against Woo, Woo is not a sham defendant. Because Woo is not a sham defendant, complete diversity of citizenship does not exist in this matter, and remand is proper.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00280-DOC-DFMx                              Date: March 29, 2024

                                                                                       Page 7

## IV.   Disposition

For the foregoing reasons, the Court **REMANDS** this action to Orange County Superior Court. All future dates in this matter are **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                             Initials of Deputy Clerk: kdu

CIVIL-GEN